16-539
*United States v. Chan Lo*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 8ᵗʰ day of March, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                         *Chief Judge*,
                  ROSEMARY S. POOLER,
                  GERARD E. LYNCH,
                         *Circuit Judges*.

---

UNITED STATES OF AMERICA,

     *Appellee*,

     - v -                                      No. 16-539

KATHERINE CHAN LO,

     *Defendant-Appellant*,

YOOROK JUNG,

     *Defendant*.

---

For Defendant-Appellant:                    Daniel A. McGuinness, Victoria N. Medley,
                                                              Adam D. Perlmutter, Perlmutter &
                                                              McGuinness, P.C., New York, NY.

For Appellee:                                    Jennifer L. Gachiri, Micah W.J. Smith, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Katherine Chan Lo appeals from her conviction, following a jury trial, of three counts of perjury and one count of conspiracy to commit perjury in violation of 18 U.S.C. §§ 371, 1623(a). She argues that the evidence presented at her trial was insufficient to support her conviction. We affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review de novo challenges to the sufficiency of the evidence" in a criminal case. *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). In reviewing the sufficiency of the evidence supporting a guilty verdict, we "view the evidence presented in the light most favorable to the government, and . . . draw all reasonable inferences in its favor." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). We uphold a jury's guilty verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Chan Lo's primary argument is that the government failed to produce sufficient evidence that Chan Lo's statements to Judge Katherine B. Forrest of the United States District Court for the Southern District of New York were material to the inquiry before Judge Forrest at the time. "[A] concealment or misrepresentation is material if it 'has a natural tendency to influence, or

2

was capable of influencing, the decision of" the decisionmaking body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770 (1988) (quoting *Weinstock v. United States*, 231 F.2d 699, 701 (D.C. Cir. 1956)). Chan Lo's materiality argument fails because she misidentifies the relevant inquiry before Judge Forrest. Chan Lo claims that Judge Forrest was tasked with determining whether Chan Lo had participated in making counterfeit watches. However, Judge Forrest's task was to determine whether Chan Lo was the same Katherine Chan Lo who had been named as a defendant in a civil counterfeiting lawsuit. In the present case, the jury received sufficient evidence for a reasonable factfinder to conclude beyond a reasonable doubt that Chan Lo's statements regarding her connections with a company called "Golden Development," her employment history, and her whereabouts on March 19, 2012 were capable of influencing Judge Forrest as she determined whether Chan Lo was the defendant in the civil counterfeiting case. Accordingly, Chan Lo's materiality argument fails.

Chan Lo also raises several arguments that the government produced insufficient evidence showing that her statements at issue were false or that she conspired with co-defendant Yoorok Jung. Each of Chan Lo's arguments are defeated by evidence admitted at trial supporting a reasonable factfinder's conclusion that Chan Lo's statements were false and that she conspired with Jung.

We have considered all of defendant-appellant's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

3